SOUTHWICK, P.J.,
for the Court:
¶ 1. Luther Crook was convicted in the Issaquena County Circuit Court of burglary of a business. On appeal, Crook argues that the trial court erred in failing to grant *422 a directed verdict because the circumstantial evidence did not support the conviction. We disagree and affirm.
FACTS
¶ 2. After receiving a report that a dead man was lying in a car, the Issaquena Sheriffs Department investigated and found Luther Crook dead to the world, but only passed out drunk in his car. While trying to wake Crook, who smelled of alcohol, the officers saw a police radio on the back seat of the car. Once Crook was awake, the officers arrested him because of the presumably stolen radio. In addition to the radio, a set of keys was found that later tied him to a burglary. Crook claimed that the keys were for his house. Also in the car was a half gallon of J & B Scotch whiskey.
¶ 8. Later that day, the department received a call concerning a burglary. The owner and others used the building as a hunting camp. When the police arrived, the door was standing open with a key in the lock. The key is normally kept above the frame of another door. The interior of the building had been ransacked. Mr. Alford, who reported the crime, told police that he thought a set of keys and a half gallon of J & B Scotch were missing. The officers discovered shoe prints.
¶ 4. Officer Clark remembered the keys and bottle of Scotch found in Crook’s car. He retrieved the keys and Crook’s shoes from the department. The keys that Crook had in his car were the keys missing from the hunting camp. Crook’s shoes matched the prints found at the crime scene. Continuing to investigate, the officers found cigarette butts at the hunting camp that were of the same brand found in Crook’s car. Further, tire tracks found at the scene matched those from the defendant’s car.
¶ 5. Crook was indicted for burglary of a business. During the trial the caretaker of the hunting camp testified that Crook had previously been to the camp to do repair work. Mr. Alford testified that he and his sons had been at the camp the day before the burglary was discovered. Although he did not go inside the building, his sons did. Mr. Alford was not alerted to any problems. Crook did not testify. Crook was found guilty of burglary of a building.
DISCUSSION
¶ 6. Crook argues that the trial court erred in failing to grant a directed verdict. He contends that the circumstantial evidence did not support the conviction.
¶ 7. This argument raises a question of the sufficiency of evidence. On appeal, the evidence must be considered in the light most favorable to the State and we accept all evidence as true. McRee v. State, 732 So.2d 246, 248 (Miss.1999). In cases based solely on circumstantial evidence, the State has the burden to prove the defendant’s guilt beyond a reasonable doubt to the exclusion of every reasonable hypothesis. Id.
¶ 8. The evidence presented at trial were the set of missing keys found in the defendant’s car, the same kind of bottle of missing Scotch, footprints that matched the shoes worn by the defendant, tire tread marks at the scene that matched the tire on the defendant’s car and cigarette butts of the same brand found in the car. The evidence was circumstantial.
¶ 9. Crook argues that the keys are the only substantial piece of evidence and states that mere possession of recently stolen property is insufficient to support conviction for burglary. Of course, this is not a mere possession case. Regardless, *423 the sufficiency of the inference of burglary that arises from facts such as these is to be analyzed using these considerations:
1. The temporal proximity of the possession to the crime to be inferred;
2. The number or percentage of the fruits of the crime possessed;
3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Shields v. State, 702 So.2d 380, 383 (Miss.1997).
¶ 10. The keys were found in Crook’s possession within twenty-four hours of the burglary. Crook possessed not only the keys but also a similar bottle of Scotch. There was no attempt to conceal, as Crook was passed out when discovered. However, when the defendant was first asked about the keys, he stated that they were his house keys. That was clearly false as the keys fit the locks at the building. Moreover, the possession of the keys and bottle combine with the evidence of the footprints, tire marks and cigarette butts. We find sufficient evidence to support the verdict.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF ISSAQUENA COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVE TO NUMBER 4236P IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO IS-SAQUENA COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.